D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DAMON C. BANNER,

                Plaintiff,

                                    **ORDER**
-against-                           12-CV-5344(SJF)(GRB)

NASSAU COUNTY CORRECTIONAL FACILITY,

                Defendant.
----------------------------------------------------------------X
FEUERSTEIN, J.

FILED
IN CLERK'S OFFICE
US DISTRICT COURT EDNY
★ DEC 03 2012 ★
LONG ISLAND OFFICE

I.    Introduction

On August 31, 2012, incarcerated pro se plaintiff Damon C. Banner ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 ("section 1983"). [Docket Entry No. 1] ("Compl."). Accompanying the complaint is an application to proceed in forma pauperis. Upon review of plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that his financial position qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915 (a)(1). However, for the reasons discussed herein, the plaintiff's complaint is sua sponte dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i)-(ii), 1915A(b)(1). **Plaintiff is granted leave to file an amended complaint within thirty (30) days from the date of service of this Order upon him. If plaintiff fails to file an amended complaint within thirty (30) days, plaintiff's claim will be dismissed with prejudice.**

II.    The Complaint

Plaintiff's brief, handwritten complaint, submitted on the Court's section 1983 complaint form, alleges that, on August 2, 2012, while detained at the Nassau County Correctional Center,

he was assaulted by Corrections Officer Johnson Simpson ("C.O. Johnson Simpson")[1] and three (3) or four (4) other unidentified corrections officers. Compl. at IV. According to the complaint, plaintiff was maced several times while he was handcuffed and shackled. Id. at ¶ IV.A. Corrections Officer Johnson Simpson allegedly pushed, punched and kicked plaintiff. Id. at ¶ IV. Plaintiff alleges that he was then taken to "medical" for treatment of his injuries where he learned that he was "written up" for attempted assault on staff. Id. According to plaintiff, he "never assaulted or attempted to assault anyone. I was assaulted and excessive force was used against me." Id. Plaintiff further claims that although a nurse "looked at [his] neck and back . . . [he] never got any examinations on them." Id. at ¶ IV.A. Plaintiff alleges that his back, neck, left ear and temple "have all been in pain" as a result of the alleged assault. Id. Plaintiff seeks to recover ten (10) million dollars. Id. at ¶ V.

III. Discussion

    A.     In Forma Pauperis Application

Upon review of plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed in forma pauperis is granted.

    B.     The Prison Litigation Reform Act

The Prison Litigation Reform Act requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be

---

[1]Plaintiff refers to this individual as "C/O Johnson Simpson" and "C/O Johnson." The Court will refer to this defendant as "C/O Johnson Simpson" herein.

granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(i-iii), 1915A(a)-(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that the Court is required to read a pro se plaintiff's complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), and to construe it "'to raise the strongest arguments'" suggested. Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Harris v. City of N.Y., 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010).

A complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

C.  Section 1983 Standard

Section 1983 provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

3

To state a cognizable section 1983 claim, a plaintiff must allege that the challenged conduct was "committed by a person acting under color of state law" and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (internal quotation marks omitted). Section 1983 does not create any independent substantive rights but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

In addition, in order to state a claim for relief under section 1983, the plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010). Personal involvement may be established by evidence of direct participation by a supervisor in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of N.Y., 352 F.3d 733, 753 (2d Cir. 2003). "An individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority'. . . ." Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). A complaint based upon a violation under section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199 (2d Cir. 2010) (summary order).

    D.    Entities Immune From Suit

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp.2d 463, 477 (E.D.N.Y. 2002); see also, e.g., Lukes v. Nassau Cnty. Jail, No. 12-CV-1139(SJF)(AKT), 2012 WL 1965663, at *2 (E.D.N.Y. May 29, 2012) (dismissing claims against the Nassau County Jail because it is an "administrative arm of Nassau County, without a legal identity separate and apart from the County"); Melendez v. Nassau Cnty., No. 10-CV-2516 (SJF)(WDW), 2010 WL 3748743, at *5 (E.D.N.Y. Sept. 17, 2010) (dismissing claims against Nassau County Sheriff's Department because it lacks the capacity to be sued). Accordingly, plaintiff's claims against the Nassau County Correctional Facility are dismissed with prejudice. However, given plaintiff's pro se status, the Court will construe his claims to be asserted against Nassau County.

E.  Claims Against Nassau County

It is well-established that a municipality or municipal entity, such as Nassau County, cannot be held liable under section 1983 on a respondeat superior theory. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978). To prevail on a section 1983 claim against a municipality, a plaintiff must "prove that action pursuant to official municipal policy caused the alleged constitutional injury." Cash v. Cnty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011), cert. denied, 132 S. Ct. 1741, 182 L. Ed.2d 528 (2012) (internal quotation marks omitted). "A municipal policy may be pronounced or tacit and reflected in either action or inaction." Id. at 334. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011). Municipal liability may

also lie where "a policymaking official exhibits deliberate indifference to constitutional deprivations caused by subordinates, such that the official's inaction constitutes a deliberate choice." Cash, 654 F.3d at 334 (internal quotation marks omitted).

Even liberally construing the complaint, plaintiff's allegations are insufficient to state a section 1983 cause of action against Nassau County. See, e.g., White v. St. Joseph's Hosp., 369 F. App'x 225, 226 (2d Cir. 2010) (affirming sua sponte dismissal of section 1983 claim for the plaintiff's failure "to allege that any of the allegedly unconstitutional actions were taken pursuant to an official policy or custom, as is required to state a § 1983 claim against a municipality."). Plaintiff fails to allege: (1) the existence of a formal policy which caused the alleged injury; (2) actions taken or decisions made by policymaking officials which caused the alleged injury; (3) a practice so persistent and widespread as to practically have the force of law which caused the alleged injury; or (4) deliberate indifference on behalf of policymakers to the rights of those who come in contact with their employees.

Accordingly, plaintiff's claims, as construed to be against Nassau County, are dismissed without prejudice. Plaintiff is granted leave to file an amended complaint stating a plausible claim against Nassau County or another proper defendant within thirty (30) days from the date of service of this Order upon him. See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."); Chavis, 618 F.3d at 170 ("A pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be

stated.").[2] If plaintiff fails to file an amended complaint within thirty (30) days, plaintiff's claims will be dismissed with prejudice.

IV. Conclusion

For the foregoing reasons, plaintiff's application to proceed in forma pauperis is GRANTED, and the complaint is dismissed without prejudice. **The complaint will be dismissed with prejudice if plaintiff fails to file an amended complaint in accordance with this Order within thirty (30) days from the date that this Order is served upon him.** The amended complaint must be labeled "Amended Complaint" and shall bear the docket number 12-CV-5344 (SJF)(GRB).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                         s/ Sandra J. Feuerstein

                         Sandra J. Feuerstein
                         United States District Judge

Dated:      December 3, 2012
              Central Islip, New York

---

[2]Plaintiff is cautioned that in order to state a plausible claim under section 1983 the amended complaint must allege facts which, if proven, establish that he suffered a constitutional deprivation.